

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Martin Clarke*  *Suite 400*  DIRECT: 410-209-4840
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Marty.Clarke@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-0716

September 8, 2020

The Honorable Deborah K. Chasanow
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    *United States v. Gary Brown, Jr.*
                Criminal No. DKC-19-0524

Dear Judge Chasanow:







3





### 4.     Restitution

Citing to the language in the PSR, defense counsel argues that "[r]estitution in not applicable in this case."  PSR at ¶ 163; Response at 10.  As evident from their Response, counsel knows that USPO mistakenly based its determination on 18 U.S.C. § 3663, the non-mandatory restitution statute.  PSR at ¶ 163; Response at 11.  Because Brown was convicted of "an offense committed by fraud or deceit," the applicable statute is § 3663A (The Mandatory Victims Restitution Act ("MVRA")).  § 3663A (c)(1)(A)(ii).

The statute requires restitution regardless of a defendant's ability to pay.  *See, e.g., United States v. Roper*, 462 F.2d 336, 340 (4th Cir. 2006).  In a conspiracy case, each co-conspirator is liable for restitution.  *United States v. Cohen*, 459 F.3d 490, 497-50 (4th Cir. 2006); *United v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003).

Counsel correctly notes that a "causal connection" must exist between the amount of the victims' losses and the restitution amount.  Response at 11; *see also*, *United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995) (finding a district court may, by a preponderance of the evidence, adopt the findings contained in the PSR). The court may consider hearsay evidence so long as it has a "minimal indicia of reliability" and Brown is given a chance to address it.  *United States v. Bourne*, 130 F.3d 1444, 1447 (11th Cir. 1997) (quoting *United States v. Hairston*, 888 F.2d 1349, 1353 (11th Cir. 1989)).

Based upon the stipulated facts, PSR and Victim Impact Statements, there is a sufficient factual for the government's requested restitution amount of $411,948  The PSR establishes that Brown drafted all five UMMS invoices totaling $500,000 and emailed them to UMMS, and Pugh's solicitation of MAIF was an act in furtherance of the conspiracy foreseeable to Brown.  *See* PSR ¶ 17, 22, 27, 50, 53, 55.  The Victim Impact Statements reflect a restitution amount below $500,000 because Pugh returned $100,000 of the invoiced amount to UMMS (leaving a $400,000 balance), and ABC took responsibility for $552 of MAIF's loss (leaving a balance of $11,948), for a total restitution amount of $411,948.  *See* Exs. 17 and 18.

      The MVRA allows the Court to minimize the financial impact on Brown by requiring him to pay less than Pugh based on all of the circumstances of the case, or establish a reasonable payment schedule enforceable during supervised release.  *See Newsome*, 322 F.2d at 341.

      Please let us know if you need any additional information.

> Very truly yours,
>
> Robert K. Hur
> United States Attorney
>
> By:  _____/s/_____
>      Martin J. Clarke
>      Leo J. Wise
>      Assistant United States Attorneys

cc:  Barry J. Pollack, Esq.
     Jessica Arden Ettinger, Esq.
     Manisha Garner, USPO